THE PEOPLE *ex rel.* Otis

*v.*

MASON B. LOOMIS, County Judge, *et al.*

*Filed at Mt. Vernon October 2, 1880.*

1. JURISDICTION *of county court—on foreclosure of mortgage.* The county courts have jurisdiction in the matter of a petition to foreclose a mortgage given by a guardian upon the real estate of his ward, under an order of the court, notwithstanding the creation of probate courts, and such petition must be filed in the county court of the county in which the mortgaged premises, or a major part thereof, are situated.

2. JURISDICTION *of the probate courts.* The probate courts provided for in the constitution, in counties having a population over 50,000, are courts of limited jurisdiction, and this jurisdiction embraces four subjects: 1. All probate matters, embracing the settlement of the estates of deceased persons, and in that connection, cases for the sale of real estate of deceased persons for the payment of debts; 2, the appointment of guardians and the settlement of their accounts; 3, the appointment of conservators, and the settlement of their accounts, and 4, all matters relating to apprentices.

This was an application to this court for a *mandamus*, by L. B. Otis, against Mason B. Loomis, county judge of Cook county, and E. F. C. Klokke, clerk of the county court. The grounds of the application, and the material facts in the case, are set forth in the opinion of the court.

Mr. C. C. BONNEY, Mr. J. L. HIGH, and Mr. L. M. PAINE, for the relator.

Mr. CONSIDER H. WILLETT, for the respondents.

Mr. CHIEF JUSTICE DICKEY delivered the opinion of the Court:

This is an application for a *mandamus*.

The relator in this case was the holder of two mortgages, executed in 1873, by a guardian, in behalf of his ward, upon the property of the ward, under and by direction of the county court of Cook county, authorizing the making of such mortgages.

After the establishment of the probate court of the county of Cook, under the act of the legislature on that subject of 1877, the relator applied to the clerk of the county court to receive a petition for the foreclosure of the mortgages, and to issue process against the guardian as a defendant, which the clerk refused to do. Thereupon the relator moved in the county court, before Loomis, the Judge thereof, for an order directing the clerk to file a petition, and issue the summons; but the court refused to entertain the motion, and refused to take jurisdiction of the case.

This is a petition in this court for a writ of *mandamus* directing the clerk to receive the petition for foreclosure, and the judge of the court to proceed to hear and determine the cause.

The only question presented in the case is whether the county court of Cook county, since the establishment of the probate court in 1877, in that county, has jurisdiction in cases of foreclosure of *such* mortgages.

At the time of the adoption of the constitution of 1870, and before that time, it was provided by a statute that a guardian may, by leave of the court, mortgage the real estate of the ward, for a term of years not exceeding the minority of the ward. It was also provided that before any such mortgage should be made, the guardian should procure of the county court an order authorizing such mortgage to be made. And by an amendment of that statute, passed April 8, 1869, it was provided as follows:

"Foreclosures of mortgages authorized by this act shall *only* be made by a petition to the county court of the county in which the premises, or the major part thereof, are situated." Laws of 1869, page 372.

By our present constitution it was provided that the General Assembly might establish a probate court in each county having a population of over 50,000. And it was further provided, "said courts, when established, shall have original jurisdiction of all probate matters, the settlement of estates of deceased persons, the appointment of guardians, and conservators, and settlement of their accounts; in all matters relating to apprentices, and in cases of the sales of real estate of deceased persons for the payment of debts."

The probate court to be thus created is a court with special jurisdiction, and this provision of the constitution prescribes the limits of its jurisdiction. This jurisdiction embraces four subjects: First, all probate matters, embracing the settlement of estates of deceased persons, and, in that connection, cases of the sales of real estate of deceased persons for the payment of debts; second, the appointment of guardians, and settlement of their accounts; third, the appointment of conservators, and settlement of their accounts; and fourth, all matters relating to apprentices.

In pursuance of this provision of the constitution, a law was passed in 1877, establishing probate courts in certain counties, and giving them jurisdiction as follows:

"Such probate courts shall have original jurisdiction in all matters of probate, the settlement of estates of deceased persons, the appointment of guardians and conservators, and settlement of their accounts, and in all matters relating to apprentices, and in cases of the sales of real estate of deceased persons for the payment of debts. And as soon as such court is organized in any county, the county court of such county shall turn over to the probate court all of its probate records and all files, books and papers of every kind relating to probate matters in such county court, and all records, files and

papers in matters of guardianship and conservators; and the clerk of the probate court shall be authorized to demand and receive from the county clerk all such records, files, books and documents, and upon the receipt thereof, the probate court shall proceed to finish and complete all unfinished business relating to probate, guardianship and conservatory matters, in the manner provided by law."

It is evident that in 1873, when this mortgage was made, the county court of Cook county had jurisdiction for the foreclosure of such mortgages, and that such jurisdiction still remains in that court, unless it has been otherwise provided by the general law; for, by section 4 of the schedule to the constitution, it was provided that "the county courts shall have the same power and jurisdiction that they now possess, until otherwise provided by general law." Unless, therefore, the provision in the constitution providing for the establishment of probate courts, and the statute passed in pursuance thereof, have deprived the county court of this jurisdiction, it still possesses it.

This presents the question, whether this jurisdiction, in cases of the foreclosure of the mortgages thus taken by guardians, is embraced in the jurisdiction conferred upon the probate courts created in 1877. The jurisdiction over the foreclosure of such mortgages was not regarded as any part of "probate matters," or of "the settlement of the estates of deceased persons," or as embraced within the powers of the county court in relation to "the appointment of guardians," and the supervision of guardians in the discharge of their duties; for no one ever thought of instituting proceedings of foreclosure before the county court, until the passage of the act especially authorizing that to be done, in 1869. This power was conferred upon the county court by the legislature undoubtedly under that part of section 18, of article 5 of the constitution of 1848, which provided that the jurisdiction of the county court should extend to all probate matters, and

such other jurisdiction "as the General Assembly may confer in civil cases."

This power of jurisdiction thus resting in the county court at the time of the creation of the probate court of the county, not being any portion of its jurisdiction in probate matters, nor having any relation to its powers as to the appointment of guardians, or to the supervision of their conduct in the discharge of their duties, and the settlement of their accounts, can not be regarded as having been transferred, by the act of 1877, to the probate court. It follows that the county court of Cook county still has jurisdiction in the foreclosure of mortgages of this character.

The writ of *mandamus* will, therefore, be allowed as sought in the petition.

*Mandamus allowed.*