FRANK MAJOROWICZ *et al.*

*v.*

H. L. PAYSON *et al.*

*Filed at Ottawa November 27, 1894.*

1. ADMINISTRATION—*administrator cannot attack conveyance of his intestate.* A decree setting aside as fraudulent a conveyance of land by an intestate, upon bill filed by his administrator, is erroneous, and finds no warrant in the act allowing administrators to sell land to pay debts.

2. SAME—*land cannot be sold if there are personal assets.* A decree of sale of land of an intestate to pay debts, granted on petition of an administrator, which shows there are unapplied personal assets of the estate, is erroneous on its face.

WRIT OF ERROR to the Circuit Court of Iroquois county; the Hon. ALFRED SAMPLE, Judge, presiding.

John McCurdy and Margaret Bash filed a creditor's bill in the circuit court of Iroquois county, against Frank, Robert and Agnes Majorowicz, Robert Doyle and Free P. Morris, to subject property claimed to be owned by defendants to the payment of judgments in favor of complainants, severally, against Frank Majorowicz, Jr., deceased. The bill was demurred to by defendants Robert, Frank and Agnes Majorowicz, and among other causes of demurrer it was especially assigned that the administrator of Frank Majorowicz, Jr., deceased, was not made a party to the bill. The demurrer was confessed, and leave to amend was taken June 23, 1893, and an amended bill was filed, substituting H. L. Payson, the administrator, as sole complainant, averring the death of Frank Majorowicz and the appointment of the complainant as his administrator. It is then alleged that John McCurdy and Margaret Bash each obtained judgments against the estate of the deceased at the July term, 1889, of the county court of Iroquois county, the first for $158.55 and the latter for $315.48; that the estate is insolvent, no personal property having come to the hands of the adminis-

trator; that both judgments remain in force unpaid; that the deceased, at the time of his death, owned valuable machinery used in corn shelling and threshing; that the defendants Robert and Frank Majorowicz, Sr., claimed to own the same, and after the death of deceased removed the same to Kankakee county; "that their claim was fraudulent, and made to hinder and delay *complainant and other creditors* of Frank Majorowicz, deceased;" that Agnes Majorowicz, the mother of deceased, claims to own lot 16, block 93, in the village of Ashkum; that it in fact belonged to deceased, but was placed in her name to hinder and delay creditors; that Frank Majorowicz, Sr., claims lot 12, in the same block, which belonged to deceased, but was by him placed in the name of the said Frank, Sr., to hinder and delay creditors; that deceased owned lot 14, in the same block, at the time of his death, subject to a mortgage claimed to be held by Frances M. Doyle and Free P. Morris. It then concludes in the language of an ordinary creditor's bill, demanding discovery, and requiring certain interrogatories attached to be answered under oath. The prayer is in the following language: "And that the said defendants, or some of them, may be decreed to pay the complainants the amount so as aforesaid due them for the principal and interest on said judgments, together with the complainants' costs and charges in this behalf sustained, and that the said real estate herein described be decreed to belong to the estate of the said Frank Majorowicz, deceased, free from all incumbrances, and that they be restrained from selling, transferring or in any way disposing of or incumbering any property, real or personal, held by them in trust for the said Frank Majorowicz, deceased, or in fraud of the rights of the creditors of said Majorowicz, deceased." There is also the general prayer for relief, and for summons. The same parties were made defendants as in the original bill. Answers were filed by Robert Doyle and Free P. Morris, and they, with Frances Doyle,

filed a cross-bill, and issues were joined on these. The other defendants were defaulted as to the amended bill, and a decree *pro confesso* entered against them.

The decree gave Frances M. Doyle and Morris a lien on lots 12 and 14 for $156.80, and Robert Doyle and Free P. Morris a second lien on the same lots for $276, lot 14 to be sold first to satisfy the liens, and lot 12 afterwards, if necessary. Lot 16 was declared to have been in deceased at the time of his death, free from incumbrance or claim of the other defendants. That lot was ordered sold, and the proceeds, with any remaining from the sale of lots 12 and 14, to be applied by the administrator in payment of the two judgments described in the amended bill. It also ordered Frank and Robert Majorowicz to pay the administrator, within thirty days, the sum of $1340, and interest thereon till paid, and that in default of such payment execution issue. The master in chancery is ordered to sell the real estate on terms therein stated, and pay over to the Doyles and Morris the amounts found due them, and the balance to the administrator. To reverse that decree, Frank, Robert and Agnes Majorowicz prosecute this writ of error.

Messrs. KAY & KAY, for the plaintiffs in error:

An administrator cannot sustain a bill to impeach a voluntary conveyance of his decedent. *Choteau* v. *Jones*, 11 Ill. 300; *Eads* v. *Mason*, 16 Ill. App. 545; *Bay* v. *Cook*, 31 Ill. 336; *Steere* v. *Hoagland*, 39 id. 264; *LeMoyne* v. *Quimby*, 70 id. 399; *Alexander* v. *Tams*, 13 id. 226; *White* v. *Russell*, 79 id. 155; *Beebe* v. *Saulter*, 87 id. 518; *Armstrong* v. *Cooper*, 11 id. 560.

Mr. C. H. PAYSON, and Mr. ROBERT DOYLE, for the defendants in error:

The administrator could begin proceedings either in the circuit or county court for the sale of real estate, and make the heirs and all parties claiming an interest parties thereto, and, after hearing, the court would, in

the decree, adjust all prior equities and questions of conflicting title. 3 Starr & Curtis, 49, 50, secs. 99-101; *Newell* v. *Montgomery*, 129 Ill. 61; *McKay* v. *Riley*, 135 id. 589.

Although the bill in this case was first brought by judgment creditors to set aside these conveyances for fraud, complainants in error having insisted that the bill should have been brought by the administrator, it does not now lie in their mouths to assign error on such ruling, as they were the cause of it. *Iron Co.* v. *Martin*, 115 Ill. 367; *Packet Co.* v. *Benninger*, 70 id. 575 ; *Clemson* v. *State Bank*, 1 Scam. 46 ; *Gillilan* v. *Nixon*, 26 Ill. 51; *Brown* v. *Malleday*, 19. id. 290.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court :

The first ground of reversal urged is, that the complainants in the amended bill had no right to file it, and in our opinion that objection is fatal to the decree below. This court has often decided, that under our statute as it existed prior to the amendment of June 15, 1887, an administrator could not maintain a bill to set aside fraudulent conveyances of real estate by his intestate, or to remove incumbrances upon the same, for the purpose of subjecting it to sale for the payment of debts. The rule prior to that amendment was, without exception, that he could not "support any possessory or real action, in law or equity, for recovery or maintenance of possession or title, or to clear up and vindicate title from clouds from adverse claims." *Smith et al.* v. *McConnell et al.* 17 Ill. 135 ; *Phelps* v. *Funkhouser et al.* 39 id. 401; *Newell* v. *Montgomery*, 129 id. 58.

It is insisted, however, that this bill is authorized by the amendment above referred to. The position is wholly untenable. The statute, as amended by the act of June 15, 1887, provides the mode of commencing a proceeding by an executor or administrator for the sale of real estate to pay debts, and requires the widow, heirs and devisees

of the testator or intestate, and the guardians of any such as are minors, and the conservators of such as have conservators, and all persons holding liens against the real estate described in the petition, or any part thereof, or having or claiming any interest therein in possession or otherwise, to be made parties. (3 Starr & Curtis, sec. 99, chap. 3, p. 49.) The next section requires the petition to set forth the amount of claims allowed, with an estimate of the amount of just claims to be presented; the amount of the personal estate, etc., with the amount of claims paid; a description of the real estate sought to be sold, and the nature and extent of all liens upon the same. The petition must be signed by the executor or administrator, and verified by his affidavit. On such a petition and parties defendant, section 101 empowers the court to direct the sale of such real estate disencumbered of liens, and to settle and adjust all equities between the parties, and determine all questions of conflicting titles, remove all clouds therefrom, etc.

Enough is shown in the foregoing statement of the allegations of this bill to make it clear that it cannot be brought within these requirements of the statute. It is in no sense a petition by the administrator to sell real estate to pay debts, but is in the nature of a creditor's bill, in the interest of two of the creditors of the estate. No one is made a party as widow or heir of the deceased. It is neither signed by the administrator as such, nor verified by his affidavit. It wholly fails to show the condition of the estate as to the allowance of claims or just claims to be presented. It does show affirmatively that the deceased was the owner, when he died, of personal property which, according to the finding and decree of the circuit court, was worth $1340,—much more than enough to pay all the debts of the estate shown by the bill. It wholly fails to show why the administrator had not reduced that property to possession, and converted it into money for the payment of debts. In short, no one

would suppose, from the reading of the bill, that it was intended to conform to the requirements of the statute authorizing the sale of real estate by an administrator to pay debts. Clearly, the complainants had no legal right to file it.

It need scarcely be said, that while the plaintiffs in error, by their default, admitted the facts properly alleged in the bill, they did not thereby confess the sufficiency of the facts to authorize the decree rendered. For the reason stated the bill should have been dismissed.

The decree of the circuit court is also erroneous on its face, even if it could be treated as an order to sell real estate to pay debts. If the judgment therein rendered against two of these plaintiffs in error for $1340, upon which execution is awarded, was valid, no necessity existed for the sale of real estate. The proceeds of that judgment would be first applied to the payment of debts, and real estate which descended to the heirs, with a mere power in the administrator to sell it if necessary to satisfy claims allowed against his intestate, could only be sold after that primary fund had been exhausted or shown to be insufficient to satisfy such claims. And even though that judgment is, as we hold, erroneous, not only for the reasons already stated, but also because neither the allegations nor prayer of the bill are sufficient to sustain it, still the assets of the estate wrongfully taken by plaintiffs in error, as is alleged, and for which the judgment was rendered, must be seized by the administrator, or their value recovered and applied to the payment of debts, unless he can show his inability to do so, or that such property or its proceeds will be insufficient to pay all the liabilities of the estate, before he can lawfully obtain an order for the sale of real property.

The judgment of the circuit court is reversed, and the cause will be remanded to the circuit court for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*