## E. S. HOYT, Admr., Appellee, *vs.* MARY A. NORTHUP, Appellant.

*Opinion filed December 17, 1912.*

1. EXECUTORS AND ADMINISTRATORS—*prior to 1887 an administrator could not maintain a suit to remove cloud.* Prior to the amendment, in 1887, of section 101 of the Administration act an administrator could not maintain any action at law or in equity to clear up title to real property or to remove clouds or adverse claims, and his relation to the property of the deceased, and his duties with respect thereto, are not changed by the amendment but he still stands in the place of the deceased.

2. SAME—*administrator cannot maintain suit to set aside deed binding upon deceased.* An administrator's duty is to inventory the estate of which the deceased was seized at the time of his death and administer it as it was at that time, and he has no power to file a bill to set aside, as in fraud of creditors, a conveyance which is binding upon the deceased, but such right is in the creditor who has been defrauded.

3. SAME—*when validity of deed may be attacked on petition to sell real estate.* Where the record title to land is in the deceased at the time of his death but a deed from him to another person is recorded after his death, the administrator, upon petition to sell real estate to pay debts, may attack the validity of the deed upon the ground that it was not delivered in the lifetime of deceased.

4. SAME—*county court may determine conflicting titles on petition to sell real estate.* Since the amendment, in 1887, of section 101 of the Administration act, the county court, on petition to sell real estate to pay debts, may investigate and determine all questions of conflicting or controverted titles arising between any of the parties to the proceeding and may remove clouds from the title of any real estate sought to be so sold.

5. DEEDS—*intention is controlling element which determines whether deed has been delivered.* Intention is the controlling element which determines whether a deed has been delivered, and the question must depend, in a measure, upon the peculiar circumstances of each case.

6. SAME—*manual transfer of deed from grantor to grantee is not essential.* It is not essential to the valid delivery of a deed that there shall be a manual transfer of the deed from the grantor to the grantee, and, on the other hand, a manual transfer may not amount to a valid delivery.

7. SAME—*rule as to delivery of deed to third person.* The delivery of a deed to a third person, who receives it as the grantor's agent, for safe keeping but not for the purpose of passing title, is not a good delivery, but if it is given to such third person to hold for the grantee, and it is subsequently·accepted by the grantee, the delivery is good; but it is essential that the deed pass beyond the grantor's control and be not subject to his recall.

8. SAME—*retention of deed does not necessarily defeat voluntary conveyance.* In case of a voluntary conveyance the retention of the deed in the possession of the grantor will not destroy its effect as a deed, unless there are circumstances showing it was not intended to be absolute and to operate as a present conveyance.

9. SAME—*when a deed will be regarded as well delivered.* A warranty deed reciting a nominal consideration and providing that it shall take effect after the grantor's death, and which is delivered, after the grantor's death, to the grantee by the third person having its custody, will be regarded as well delivered, where the circumstances show that there could be no presumption that it was not intended as a present conveyance of a title to begin at the grantor's death, and the direction to the third person to keep the deed safely may as well be interpreted to mean for the grantee as for the grantor.

APPEAL from the County Court of Pike county; the Hon. PAUL F. GROTE, Judge, presiding.

EDWARD DOOCY, for appellant.

ANDERSON & MATTHEWS, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an appeal from a decree of the county court of Pike county, entered in pursuance of the petition of the appellee, E. S. Hoyt, administrator with the will annexed of the estate of James M. Cree, deceased, to sell real estate to pay debts, setting aside a deed from said James M. Cree to the appellant, Mary A. Northup, and directing the appellee to proceed to sell the real estate described in the deed.

James M. Cree, of Griggsville, in Pike county, died on December 26, 1910, leaving a last will and testament. The

executors named in the will refused to act and the court appointed the appellee administrator with the will annexed. He filed his petition in the county court for leave to sell lots 2 and 3, in block 9, in Jones & Purkett's addition to Griggsville, and the north half of lot 5, in block 5, in the original town. The petition alleged that appellant claimed to own the north half of lot 5 by virtue of a deed executed by the deceased on August 16, 1910, and recorded on December 30, 1910, and charged that the deed was not delivered in the lifetime of the grantor. The appellant answered the petition, asserting the validity of the deed and disputing the right of the appellee to file a petition to set it aside, and also the jurisdiction of the county court to set it aside.

Prior to the amendment, in 1887, of section 101 of the Administration act, an administrator could not maintain any action at law or in equity to clear up title to real property or remove clouds or adverse claims. (*Smith* v. *McConnell,* 17 Ill. 135; *Phelps* v. *Funkhouser,* 39 id. 401.) His relation to the property of the deceased and his duties in respect to it were not changed by the amendment but he still stands in the place of the deceased. He is to inventory the estate of which the deceased was seized at the time of his death, to administer the property as it was at that time and to settle the estate accordingly. As he does not represent creditors or others who would have a right to avoid a conveyance binding upon the deceased, he has no authority to file the bill to set aside such a conveyance. The right to avoid an instrument made to defraud a creditor is still in the creditor who has been defrauded and at whose instance it is voidable. (*Majorowicz* v. *Payson,* 153 Ill. 484.) Even in a proceeding to sell real estate to pay debts the county court had no power to adjudicate upon the rights of adverse claimants to the land to be sold, but that court now has authority in such a proceeding to investigate and determine all questions of conflicting or controverted

titles arising between any of the parties to the proceeding and may remove clouds to the title of any real estate sought to be sold. (*Newell* v. *Montgomery,* 129 Ill. 58; *Clayton* v. *Clayton,* 250 id. 433.) If the deceased had right, title or claim to real estate at the time of his death the administrator may petition the court for leave to sell the same, and the court may settle questions of conflicting or controverted titles and remove clouds. In this case the record title to the property was in James M. Cree when he died, and the petition alleged that the instrument subsequently recorded was never delivered; that it did not convey title for want of delivery, but that the title remained in the estate. If that was so the deceased could have questioned the validity of the deed, and we think that the appellee was also authorized to do so.

The evidence in the case consisted of the deed, the testimony of one witness and claims filed against the estate by the appellant. The deed was a statutory warranty deed, reciting a consideration of one dollar and that it was not to take effect until after the death of the grantor. The witness testified that he was assistant cashier of the Griggsville National Bank and also a notary public; that at the request of the deceased he drafted the deed and took it to the house of the deceased; that it was signed and acknowledged there when no one else was present but the witness; that after it was signed the grantor said it had better be put somewhere for safe keeping, and the witness put it in an envelope and took it to the bank and put it in the safe, where it remained about four months, until the death of the grantor, on December 26, 1910, and that after the funeral David Walker Cree, a brother of the grantor, and Edward Darville, husband of a niece of the grantor, called for the deed and took it away. The deed was recorded December 30, 1910. The appellant offered in evidence a claim filed against the estate, consisting of a note made

by the deceased to her, dated May 17, 1899, due one day after date, for $1400, with seven per cent interest, reciting that it was given for her labor, in the capacity of house-keeper, since 1887; another note made by the deceased, dated January 1, 1890, due one day after date, for $300, with interest at eight per cent, with an endorsement of interest paid to January 1, 1891; and an account for services as house-keeper and nurse, which, as amended, covered five years previous to the death of the deceased.

Intention is the controlling element which determines whether a deed has been delivered, and the question must depend in great measure upon the peculiar circumstances of each case. It is not essential to a valid delivery that there should be a manual transfer from the grantor to the grantee, and, on the other hand, such a manual transfer may not amount to a delivery. The fact that a grantor handed a deed to the grantee, to be deposited in the box of the grantee in the bank for safe keeping but not for the purpose of passing title, did not amount to a delivery. (*Bovee* v. *Hinde,* 135 Ill. 137.) A delivery of a deed to a third person, who receives it as the grantor's agent, without any directions to deliver it to the grantee, is not good, but if it is given to a third person to be held for the grantee, and is subsequently accepted by the grantee, the delivery is good. It is essential that the deed pass beyond the grantor's control and is not subject to his call. (*Lange* v. *Cullinan,* 205 Ill. 365.) In the case of a voluntary conveyance the retention of the deed in possession of the grantor will not destroy its effect as a deed, unless there are other circumstances to show that it was not intended to be absolute and to operate as a present conveyance. *Baker* v. *Hall,* 214 Ill. 364.

It appears in this case from one of the notes made by the deceased that the appellant had been his house-keeper since 1887 and that he was indebted to her for services as

such. The notes were never collected, and when the deed was made the larger note was barred by the Statute of Limitations. The fact that suit was not brought upon the notes is not strange in view of the relation of the parties, but they show that the appellant had served the deceased for a great many years, and if the deed was made in payment for her services there would be no reason for any presumption that the grantor did not intend it to take effect according to its terms, which purported a present conveyance of a future estate to take effect in possession after the death of the grantor. The notes were not taken up by the grantor when the deed was made, and it recited the nominal consideration of one dollar. If it is regarded as a voluntary conveyance by the grantor to his house-keeper there is a strong presumption in favor of delivery, which would not be overcome by the mere fact, if it be a fact, that the grantor kept the deed in his possession until his death. In *Thompson* v. *Calhoun,* 216 Ill. 161, it was held that a voluntary conveyance given to the notary, with directions to keep it in his possession in a safe place and as soon as possible after the grantor's death to place it upon record, was well delivered; and the direction of the grantor to the notary in this case may as well be interpreted as a direction to hold the deed for appellant and keep it safely for her until the grantor's death, as that he was to keep it for the grantor. In either view as to the nature of the conveyance the evidence was not sufficient to justify the court in setting aside the deed.

The decree is reversed and the cause remanded to the county court, with directions to dismiss the petition as to the north half of lot 5.

*Reversed and remanded, with directions.*