(No. 27333.—

WILLIAM H. ROFFMANN, Admr., Appellee, *vs.* CLARA ROFFMANN *et al.*—(RAY ADAMS *et al.,* Appellants.)

*Opinion filed November 16, 1943.*

TYREE C. DERRICK, KARL E. HOLDERLE, JR., and JOHN R. SPRAGUE, for appellants.

Mr. CHIEF JUSTICE SMITH delivered the opinion of the court:

This is an appeal from an order of the county court of Clinton county. The proceeding originated in a petition filed by William H. Roffmann, administrator of the estate of Emma C. Roffmann, to sell real estate to pay the debts of said deceased.

The petition alleged that Emma C. Roffmann died intestate on October 10, 1940; that William H. Roffmann was duly appointed administrator of her estate; that she left surviving, Clara Roffmann, Emma Schaubert and petitioner, her children, and Albert Louis Burgdorf, her grandson, as her only heirs-at-law. It was alleged that Albert Louis Burgdorf was the son of Rose A. Burgdorf; that Rose A. Burgdorf died subsequent to the death of her

father in 1927 and prior to the death of her mother in 1940. It was further alleged that Emma C. Roffmann, at the time of her death, owned no personal property in the State of Illinois; that the debts against her estate amounted to $2225.73; that the cost of administration was approximately $300; that she left certain personal property located in the State of Missouri, which had all been used for the payment of claims against her estate, leaving a deficit of $2525.73. It was further alleged in the petition that she owned two tracts of land located in Clinton county; that one tract consisted of 52.11 acres, which she owned, subject only to an oil and gas lease. The other tract was designated in the petition as tract No. 2. This tract consisted of 91.33 acres. It was alleged that she owned only a one-third undivided interest in this tract, as tenant in common with the other heirs of William L. Roffmann, her deceased husband.

It was further alleged that on June 10, 1926, said tract No. 2 was owned by William L. Roffmann, the husband of the deceased, who was then living; that on that date, he executed a quitclaim deed in which the deceased joined, as his wife, conveying said tract to Emma C. Roffmann, the deceased. It was alleged that William L. Roffmann, the husband, died intestate on September 21, 1927; that he left surviving Emma C. Roffmann, his widow, and Clara Roffmann, Emma Schaubert, Rose A. Burgdorf, and petitioner, his children and only heirs-at-law.

It was further alleged that said deed was never delivered in the lifetime of William L. Roffmann; that it was wholly inoperative; that Emma C. Roffmann, the deceased, took no interest in tract No. 2, under said deed. It was then alleged that as widow of said William L. Roffmann, she inherited, and at the time of her death, was the owner of a one-third interest in said tract; that this interest was subject to an oil and gas lease executed by her on May 15, 1939; that her interest was also subject to a

mineral deed dated August 9, 1939, executed by her to appellant S. E. Sweeney, purporting to convey a one-half interest in the oil, gas and other minerals.

Sweeney and others, who were alleged to be interested in the real estate, were made parties defendant, either by name or as unknown owners. The prayer of the petition was that the quitclaim deed from William L. Roffmann and Emma C. Roffmann to Emma C. Roffmann, dated June 10, 1926, be declared "cancelled, null, void and of no force and effect." Also that the mineral deed be declared null and void and cancelled; that an order be entered for the sale of tract No. 1 and the undivided one-third interest of Emma C. Roffmann in tract No. 2, to pay the debts of said Emma C. Roffmann, deceased; that the sale be made subject to the oil and gas lease, which it was alleged was a valid lease. There was attached to the petition exhibit "A," showing the alleged deficit.

On the hearing the only issues litigated were the validity of the quitclaim deed from William L. Roffmann to Emma C. Roffmann, and the mineral deed executed by Emma C. Roffmann, in her lifetime, to Sweeney, covering tract No. 2. No question was raised or litigated concerning the oil and gas lease. It appears that the oil and gas lease was transferred by Sweeney, on the day it was executed, to Gulf Refining Company. That company was not made a party. It was the contention of the administrator on the hearing, that the deed from William L. Roffmann and wife, to her, was never delivered; that as a result, tract No. 2 was owned in its entirety by her husband, William L. Roffmann, at the time of his death; that because of his death she, as his widow, inherited a one-third undivided interest therein, and that the remaining two thirds descended to his heirs-at-law, viz: petitioner, Clara Roffmann, Emma Schaubert and Rose A. Burgdorf. As a result of this situation the administrator took the position that at the time the deceased executed the oil and gas lease and the mineral deed

to Sweeney, she owned only a one-third undivided interest in tract No. 2. While he did not challenge the validity or effect of the oil lease, he took the position that the mineral deed, while purporting to convey a one-half undivided interest in the oil and other minerals, only conveyed her one-third interest in the minerals in and under said tract; that it was invalid in so far as it attempted to convey any greater interest therein. The only evidence offered tending to show that the deed from William L. Roffmann to Emma C. Roffmann was never delivered, was the testimony of the petitioner. There was, however, introduced by Sweeney in support of his mineral deed, an affidavit executed by Emma C. Roffmann and sworn to by her on August 21, 1939. In this affidavit she stated that the William L. Roffmann deed to her, dated June 10, 1926, was delivered to her immediately after its execution, in the presence of witnesses, and remained in her possession continuously until after her husband's death, when she filed the same for record in the recorder's office of Clinton county, Illinois. It will thus be seen, that the only issue litigated in the case was the question of the delivery of the deed from William L. Roffmann to Emma C. Roffmann, purporting to convey to her tract No. 2, in its entirety. The effect of the mineral deed was purely incidental to that issue.

The court entered the order appealed from, in which it was found that said deed was "wholly inoperative, null, void and of no force and effect, and is ordered stricken from the records of the recorder of deeds of Clinton county, Illinois." The effect of the cancellation of this deed was that Emma C. Roffmann acquired no interest in tract No. 2 under the deed; that her only interest in said tract was a one-third interest which she inherited from her deceased husband. The court further found that the mineral deed, while purporting to convey a one-half interest in the minerals underlying tract No. 2, was only

effective as to the one-third interest which she owned. This was the inevitable result of the holding that said deed was void. It was further ordered that the administrator, because of such deficiency in the interest conveyed, return to Sweeney $210 of the purchase price paid by him for said mineral deed. The order makes no mention of the oil and gas lease which, the evidence shows, was in the same position as the mineral deed. That is, it was executed by Emma C. Roffmann, and purported to convey the whole title, whereas the court held she only owned a one-third interest in the land. For some reason it was not attacked by the administrator. The holder thereof was not even made a party.

From the foregoing, it is obvious that the purpose of the administrator in filing the petition for leave to sell real estate to pay debts was only a subterfuge to enable him to litigate the validity and effect of the mineral deed as to the two-thirds interest in tract No. 2. So far as the title to the two-thirds interest was concerned, the children and grandson of Emma C. Roffmann would inherit the same interest from her as they would from their father. The only rational purpose was to litigate the validity of the mineral deed executed by her, when the heirs of her deceased husband claimed they inherited the two-thirds interest from him. This is the only question litigated.

Here we have the unusual situation of the administrator of a deceased person coming into court, alleging that a deed, purporting to convey to his intestate the whole title to 91 acres of land, was void and that the deceased had no interest therein, under the deed. The administrator asked the court to confirm title in the heirs of William L. Roffmann, of which he was one, as against the estate. In other words, he petitioned the court to cancel the deed conveying property to her and of which she was the owner of record, in a proceeding brought, ostensibly, for the pur-

pose of selling other real estate belonging to her to pay the debts of the estate. On the hearing he undertook to prove, and produced evidence from which the court found, the deed was never delivered to her. The record is conclusive that the real purpose of the proceeding was to litigate the validity of the mineral deed as to the two-thirds interest in tract No. 2, of which the deceased was the owner of record at the time of her death. He sought to obtain a decree holding that the mineral deed only conveyed a one-third interest in the minerals in tract No. 2, by procuring a holding that the deed from William L. Roffmann, by which Emma C. Roffmann acquired the whole title to said tract, was void. Such a holding would leave her owning only the one-third interest which she would have inherited from her husband if the deed to her had never been made.

Prior to the amendment of 1887 to section 101 of the Administration Act, which is now section 234 of the Probate Act, (Ill. Rev. Stat. 1943, chap. 3, par. 388,) an administrator could not maintain an action at law or in equity to clear up title to real property or to remove clouds or adverse claims. (*Smith* v. *McConnell,* 17 Ill. 135; *Phelps* v. *Funkhouser,* 39 Ill. 402.) The relation of an administrator to the property of the deceased and his duties in respect thereto, were not changed by that amendment. He still stands in the place of the deceased. He is to inventory the estate of which the deceased was seized at the time of his death, to administer the property as it was at that time, and to settle the estate accordingly. As he does not represent creditors or others who would have a right to avoid a conveyance, he has no authority to maintain a suit to set aside a conveyance. *Hoyt* v. *Northup,* 256 Ill. 604.

The rule is that probate courts have no general equitable jurisdiction. They can only exercise that power within the zone conferred by section 20 of article VI of

the constitution. (*London & Lancashire Indemnity Co.* v. *Tindall*, 377 Ill. 308.) It is settled that the jurisdiction of probate courts is limited to the subjects enumerated in section 20 of article VI of the constitution, and cannot be extended, even by the legislature, to other and different matters. *Rosen* v. *Rosen*, 370 Ill. 173; *First State Bank* v. *Chicago Title and Trust Co.* 302 Ill. 77; *In re Estate of Mortenson*, 248 Ill. 520; *People ex rel. Otis* v. *Loomis*, 96 Ill. 377.

While it is true that under section 234 of the Probate Act, on petition to sell real estate to pay debts, county courts, sitting in probate, are given jurisdiction to determine adverse claims and settle controversies concerning the title to real estate belonging to the deceased, and remove clouds therefrom, those courts do not have jurisdiction to litigate titles between other parties. Such jurisdiction is limited to the determination of adverse claims affecting the title to the real estate sought to be sold. It is limited to the removal of clouds on the title to real estate owned by the deceased, and which is sought to be sold for the payments of debts. In such case it is incumbent upon the administrator to prove title in the deceased in order to entitle him to ask for the removal of a cloud upon the title. It is indispensable to the exercise of such jurisdiction that the administrator prove ownership of the property from which he asks to have the clouds removed, in the deceased. (*Schottler* v. *Quinlan*, 263 Ill. 637; *McGowan* v. *Glos*, 258 Ill. 217.) That section does not give to an administrator the power to attack the title of the deceased to real estate of which he is the owner of record at the time of his death. Such matters are wholly foreign to the jurisdiction of probate courts.

The petition in this case was entitled, "Petition for the sale of real estate to pay debts." It alleged facts which would give the court jurisdiction to entertain a petition of that kind. Nevertheless, it is apparent that this was not

the primary purpose of the proceeding. Its primary purpose was to cancel the deed on which the deceased's record title was based. The ultimate object of the cancellation of the deed was the effect such action would have on the mineral deed. The administrator was one of the heirs of William L. Roffmann, the husband of Emma C. Roffmann, deceased. By the cancellation of the deed he and the other two children and the grandson of William L. Roffmann, would inherit a two-thirds interest in tract No. 2, free of the mineral deed. It was to their interest to have the deed declared invalid. The result would be that the mineral deed executed by their mother would be avoided as to the two-thirds interest vested in them. Their title to the property would not be otherwise affected. If the William L. Roffmann deed was valid, they inherited the whole title from Emma C. Roffmann, their mother, subject to the mineral deed. If that deed was invalid they inherited the two-thirds interest from William L. Roffmann, their father, free of the mineral deed.

The interest of the administrator in the proceeding, as the representative of the estate, was directly in conflict with his personal interest in the subject matter involved. The mere fact that he asked to have the mineral deed held invalid, as to the two-thirds interest, and made no such claim as to the oil and gas lease, the title to which was in the same condition, indicates that the administrator had some motive in instituting the proceeding which does not appear of record. It was not within his power to go into court and ask to have the William L. Roffmann deed, by which the deceased acquired record title to valuable real estate, cancelled of record, for his own benefit. His contention that the deed was never delivered, and that it was a cloud upon his own title, and that of the other heirs of William L. Roffmann, was motivated by the fact that if the deed was held to be invalid, the two-thirds interest in tract No. 2 could not be sold for

the payment of the debts of Emma C. Roffmann, deceased, nor would such interest be subject to the mineral deed. Such holding would inure to the direct benefit of the heirs of William L. Roffmann, of which he was one.

Under the constitution and the statute, the county court had no jurisdiction to cancel the deed made to the deceased upon the petition of her administrator. It is true, he was authorized to petition the county court for leave to sell real estate belonging to her to pay the debts of the estate. In such proceeding the county court had power to determine adverse claims affecting the title and to remove clouds from real estate owned by her at the time of her decease. This jurisdiction, however, was limited to real estate owned by the deceased, and which the administrator sought to sell to pay her debts. Here, the title litigated was an issue between the estate of Emma C. Roffmann and the other heirs of William L. Roffmann, including the administrator, who was individually named as a defendant. By the petition he asked the court to determine the question of title to real estate which he alleged did not belong to the deceased. It was from the title of the heirs of his father, of which he was one, which he asked that the deed be removed as a cloud. By the petition he did not ask the court to litigate any question of adverse claims to the title to any real estate which he sought to sell.

The jurisdiction of the county court to determine questions of adverse title in a proceeding of this kind is limited to the title owned by the deceased at the time of his death. That the real purpose of the proceeding was to establish title in the heirs of William L. Roffmann to the interest which they claimed, is made more significant by the fact that no briefs have been filed in this court on behalf of the administrator. Nowhere in the order or decree of the court is any authority given to the administrator to sell any real estate to pay debts, nor is that subject anywhere mentioned in the order. It is obvious

that the parties entirely lost sight of the fact that the proceeding was supposed to be one for the sale of real estate to pay the debts of decedent.

The purpose of the suit was beyond the powers of the administrator and beyond the jurisdiction of the county court. That court had no jurisdiction to enter the order appealed from. The order is reversed and the cause is remanded to the county court of Clinton county for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*