In re Estate of Josephine Scheribel, Deceased.
Alfred M. Scheribel, Appellant, v. Walter C. Scheribel, Appellee.
In re Estate of Alfred M. Scheribel, Incompetent.

Gen. Nos. 44,761, 44,762, 44,811.

Original opinion filed December 19, 1949. Rehearing opinion filed March 23, 1950. Released for publication April 13, 1950.

SUEKOFF & FROST, of Chicago, for appellant; RAYMOND I. SUEKOFF and JACK P. FROST, both of Chicago, of counsel.

ALBERT L. GREEN, CHARLES F. GRIMES, CARL F. FAUST, ELMER M. LEESMAN, JOHN R. HACKETT, WILLIAM S. JACOB and WALTER C. SCHERIBEL, *pro se*, all of Chicago, for certain appellees.

ON REHEARING

MR. PRESIDING JUSTICE TUOHY delivered the opinion of the court.

This consolidated appeal is prosecuted from certain orders of the circuit court of Cook county sustaining, on appeal from the probate court, motions to dismiss petitions filed in the probate court, and also from an order dismissing the bill of complaint filed in the circuit court of Cook county for want of equity. The bill of complaint sets forth the entire controversy and, summarized, is as follows:

Alfred M. Scheribel, plaintiff, was executor and sole devisee and legatee under the will of his mother, Josephine Scheribel, who died testate December 11, 1942. He employed as attorneys to represent him the defendants John R. Hackett and William S. Jacob, and, while the estate was pending and open, on June 24,

241

1943, was adjudged insane. Shortly thereafter, his cousin, the defendant Walter C. Scheribel, on his own petitions, was appointed conservator of plaintiff's estate and administrator *de bonis non* of the estate of plaintiff's mother. Defendants Hackett and Jacob then became defendant Walter's attorneys in both estate matters and have continued to represent him in both his representative and individual capacities. On January 26, 1944, on petition of the administrator, an order was entered in the probate court authorizing the administrator to sell to himself individually, without notice, the interest held by plaintiff in certain real estate improved with a gasoline station which had been owned by plaintiff's mother, Josephine Scheribel, and her husband, John Scheribel, who predeceased her, in fee simple as joint tenants. The parent Scheribels, being indebted to the defendant Standard Oil Company in the sum of $15,000, had in November 1937, conveyed the real estate by warranty deed to the Standard Oil Company to secure their indebtedness, receiving back an agreement dated January 5, 1938, to repurchase the property for $15,000, payable in instalments. They remained in undisturbed possession until their deaths. At the time of Josephine Scheribel's death there was an unpaid balance of $12,591.23 on the contract, and at all times thereafter the interest of her estate was worth not less than $15,000 and steadily increased in value until the end of 1945, when it was worth in excess of $40,000.

Under the order of the probate court of January 26, 1944, defendant Walter paid $940.53 to the estate for the equipment and supplies and assumed the obligations under the repurchase agreement. On August 17, 1944, defendant Walter, in his individual capacity, sold the premises to defendants Edward J. Baranski and Adolph A. Klimek for $3,000 cash. On June 4, 1945, plaintiff was restored to his legal rights and was dis-

242

charged by the county court, but not until February 14, 1947, was his conservator discharged. On February 6, 1947, on motion of defendant Walter Scheribel, the order of the probate court of January 26, 1944, authorizing the sale to defendant Walter was vacated and set aside, and the sale of the premises by Walter Scheribel to defendants Baranski and Klimek for $3,000 was then ratified, confirmed, and approved by order of the probate court. On the day preceding the entry of the February 6, 1947, order, Walter, individually, and his wife executed and delivered a quitclaim deed, conveying said real estate to Baranski and Klimek, and on February 7, 1947, Walter executed and delivered an administrator's deed, conveying the same to Baranski and Klimek. On January 2, 1947, defendant Standard Oil Company purchased the premises from defendants Baranski and Klimek for $40,000, forgiveness of the balance due on the contract of January 5, 1938, a favorable 10-year lease and other consideration. On March 10, 1947, Baranski and Klimek and their wives executed and delivered their quitclaim deed, conveying this property to the Standard Oil Company. Defendants Jacob and Hackett represented Baranski and Klimek in this transaction and collected a substantial fee, according to the averments of the complaint.

On February 14, 1947, the first and final account of defendant Walter, as administrator, approved by plaintiff, was filed and was approved by the probate court. Subsequently, plaintiff filed a petition in the probate court seeking to set aside and vacate the orders of the probate court of January 26, 1944 (authorizing administrator to purchase at his own sale), February 6, 1947 (setting aside the order of January 26, 1944, but ratifying and confirming the sale by defendant Walter to defendants Baranski and Klimek), and February 14, 1947 (approving the first and final account of defendant Walter), and also moved to set aside the quitclaim

243

deed of February 5, 1947, from defendant Walter Scheribel and his wife to defendants Baranski and Klimek and their wives, the administrator's deed dated February 7, 1947, and the quitclaim deed from defendants Baranski and Klimek and their wives to the Standard Oil Company dated March 10, 1947. Plaintiff also filed a petition in the conservatorship estate, seeking to set aside the order approving the final account of the conservator and to compel the defendant Walter, as conservator, to account. The probate court sustained the motions to dismiss these petitions, and on appeal to the circuit court the same result was reached, and a judgment order in each of said estates was entered striking said petitions.

On January 12, 1948, the complaint, alleging the foregoing facts, was filed in the circuit court seeking to set aside the sale of the gasoline station, to set aside the deeds referred to, to set aside the orders of the probate court and the circuit court on appeal striking the petitions of plaintiff in each of said estates, and seeking an accounting and general relief. From an order dismissing this complaint, the case was originally appealed to the Supreme Court on the ground that a freehold was involved but was transferred to this court by the Supreme Court without any opinion.

Plaintiff's theory of the case is (1) that the sale by the administrator to himself was void; (2) that the probate court orders of January 26, 1944, February 6, 1947 and February 14, 1947, are void and may be attacked collaterally, and also that the deeds of February 5, 1947, February 7, 1947, and March 10, 1947, above described, are void; and (3) that the circuit court had jurisdiction of the subject matter of the complaint.

Defendants maintain (1) that the proceeding fails because it is a collateral attack on the orders of the probate court and that, so far as the defendant Stand-

244

ard Oil Company is concerned, it makes no allegation of fraud or conspiracy entitling plaintiff to any relief against such defendant; (2) that the interest of the plaintiff was in personal property which the administrator could have sold without any order of the probate court, so that it was immaterial that the approval was made after the actual sale; (3) that the plaintiff is guilty of laches and that the doctrine of estoppel *in pais* applies to plaintiff; and (4) that the decision on appeal from the order of the probate court is *res judicata*.

Plaintiff's rights rest primarily on his contention that the warranty deed conveying the gasoline station to the Standard Oil Company and the repurchase agreement were in fact a mortgage of the premises to secure the indebtedness of the grantors to the grantee. The complaint alleges that the Scheribels, being indebted to the Standard Oil Company in the sum of $15,000, on November 16, 1937, conveyed the station by warranty deed to the Standard Oil Company to secure the indebtedness and as a part of the same transaction received back the agreement of January 5, 1938, by which they as joint tenants agreed to repurchase the gasoline station for $15,000, payable in instalments, and the Standard Oil Company agreed to convey title; that the grantors remained in continuous, undisturbed possession until their deaths and paid on the contract $2,408.77; that in equity and under section 12 of the Mortgage Act (Ill. Rev. Stat. 1949, ch. 95, par. 13 [Jones Ill. Stats. Ann. 83.13]) the warranty deed constituted an equitable or constructive mortgage.

■■■ The facts alleged make the warranty deed and the contract to repurchase a mortgage. *Keithley v. Wood*, 151 Ill. 566. On this appeal the allegations of the complaint must be taken as true and the transaction between the Scheribels and the Standard Oil Company will be treated as a mortgage to secure the indebtedness

of $15,000 owing to the Standard Oil Company. In considering a mortgage in the usual form the court in *Lightcap v. Bradley,* 186 Ill. 510, 520, said:

"The mortgagor's interest in the land may be sold upon execution; his widow is entitled to dower in it; it passes as real estate by devise; it descends to his heirs, by his death, as real estate; . . . The mortgagee has no such estate as can be sold on execution; his widow has no right to dower in it; upon his death the mortgage passes to his personal representatives as personal estate, and it passes by his will as personal property."

In speaking of the rights of a mortgagor who has executed an absolute deed and received from the grantee a bond or contract to reconvey, the court in *West v. Reed,* 55 Ill. 242, said (p. 245):

"He undoubtedly has an estate, which will pass by descent, or devise, or by deed. But it is nevertheless a purely equitable estate, that is to say, an interest in the land based upon equitable grounds, and which a court of chancery will protect and enforce when equitable considerations demand. But he has nothing more. The legal title has gone to his grantee by means of a deed absolute upon its face. If the deed, as in the present case, was made to secure a loan of money, and a bond, or contract to re-convey, is taken, the transaction, in a court of equity, is regarded only as a mortgage. But we repeat, the naked legal title has vested in the grantee . . . ."

This statement is quoted and followed in *Fitch v. Miller,* 200 Ill. 170, and *Williams v. Williams,* 270 Ill. 552. The right of redemption of a deceased mortgagor is an interest in real property and may be sold by the administrator for payment of debts. *Neuffer v. Hagelin,* 369 Ill. 344. An administrator or executor cannot

246

sell a party's title to real estate owned by the deceased at the time of his death except in the mode pointed out by the statute. The probate court could not dispose of this interest in real estate and would have no jurisdiction to deal with it except to pay debts against the estate. *Roffmann v. Roffmann*, 384 Ill. 315; *Dicus v. Scherer*, 277 Ill. 168. No petition was filed in the estate seeking to sell the real estate, or the interest therein, to pay debts. Therefore, the jurisdiction of the probate court was never invoked, and the orders of January 26, 1944, and February 6, 1947, are void. *Roffmann v. Roffmann, supra.* It was held in the case cited that an attempt to invoke the jurisdiction of the probate court to deal with real estate under the guise of a petition "to sell real estate to pay debts," when the basis for such a petition did not exist, was unavailing and did not thereby confer any jurisdiction upon the probate court. Moreover, the conduct of the parties indicates that this transaction was treated as one involving an interest in real estate. The complaint alleges that about a year after the attempted sale to defendants Baranski and Klimek, they began negotiations with defendant Standard Oil Company for a deed in exchange for a purchase money mortgage, and in pursuance of the negotiations the latter defendant procured a letter of opinion from the Chicago Title and Trust Company which indicated that the title of defendants Baranski and Klimek was defective because plaintiff had never been properly divested of his interest by the order of January 26, 1944. The subsequent steps taken in an attempt to straighten this defective title were all characterized by an exchange of deeds—indicating that the defendants, both principals and attorneys, treated the transaction as one conveying an interest in real estate. Defendant Standard Oil Company takes the position that it makes no claim to title to the gasoline station except through the original warranty deed which was

executed by the parents of the plaintiff, but its contention now made is inconsistent and at variance with its entire conduct in the cause. Furthermore, defendants Baranski and Klimek could convey no better title than they acquired, and from what is alleged they acquired no title at all from defendant Scheribel.

██ Defendants argue that the probate court was justified in treating the interest of the plaintiff as personal property which the administrator could have sold without an order and, therefore, the fact that the original order may have been wrongfully entered is immaterial. They assume that because the Supreme Court refused to take jurisdiction of the case that it in effect held the interest of the plaintiff to repurchase the gasoline station in question to have been personal property and not real estate. With this inference we do not agree. By transferring the cause to this court the Supreme Court held that no freehold was involved, but it did not hold, nor is there any inference to be drawn therefrom, that no interest in real estate is involved.

 Defendant Standard Oil Company contends that there was an abandonment by the plaintiff or his privies of the contract of repurchase of the gasoline station made January 5, 1938. It asserts that at the time the contract was made that gasoline rationing was in effect and that the difficulty of procuring gasoline made the contract a liability and that it became of value only because of the change in economic conditions, of which this court should take judicial notice, brought about by the abolition of gasoline rationing. It cites the fact that during the five-year period that plaintiff's decedent and her husband were in possession of the property with an obligation to pay $15,000 therefor in instalments they paid only $2,408.77, which was less than the interest specified in the agreement.

248

We have carefully examined the complaint and we find nothing to justify the claim of abandonment. On the contrary, it appears that at the very time when it is claimed the gasoline station was a liability the administrator *de bonis non* was able to sell the interest which he then claimed for $3,000 and that within two years defendant Standard Oil Company was willing to pay for it in excess of $40,000. It is true that during the period defendant Walter operated the station, from the date of the illegal sale to himself in January until the following August, he lost $3,268.34, a loss which later, though partially set off by the sale price, was absorbed by the estate. That the administrator was unable to make his operation a profitable venture does not tend to prove abandonment or that there was no equity in the plaintiff but might well tend to establish that defendant Walter Scheribel's business ability was no greater than his sense of responsibility to his *cestui que trust*.

Defendants maintain that the circuit court in the equity suit has no jurisdiction by virtue of the fact that this is a collateral attack on the judgments of the probate court. On the motion to dismiss plaintiff's petitions in the probate court the administrator contended that the probate court had no jurisdiction to consider certain questions raised by the petitions but that petitioner must file a complaint in a court of general equity jurisdiction for a complete determination. It thus appears that defendant Walter through his attorneys, defendants Hackett and Jacob, attacked the jurisdiction of the probate court in the probate court proceedings, while later all the defendants attacked the jurisdiction of the court of equity in the equitable proceedings. We are of the opinion that the matters charged in the complaint are properly cognizable by a court of equity.

249

Along these same lines defendants argue that the finding by the probate court, and on appeal by the circuit court, is *res judicata* of the issues involved in the equity suit. Aside from the fact that this is a consolidated appeal involving the question of error of the circuit court in dismissing the petitions filed in the probate court, it is also to be observed that the parties to the petitions in the probate court are not the same parties in the case in equity. The only common parties are plaintiff and Walter Scheribel. Hackett, Jacob, Baranski, Klimek, and the Standard Oil Company were not parties to the probate proceedings. None of them is in privity to Walter Scheribel. *Hedlund v. Miner,* 395 Ill. 217. Furthermore, the jurisdiction of the probate court having been challenged on the motion to dismiss, there was no hearing on the merits in the probate court. Unless a proceeding affords adequate opportunity for an investigation and determination of the merits, the judgment rendered will not operate as a bar to a subsequent suit upon the same cause of action. *People v. Board of Education of Pawnee Tp. High School,* 350 Ill. 597, 601.

Neither do we agree with defendants' contention in respect to laches. While it is true that the plaintiff was restored to his rights on June 4, 1945, some two and one-half years before the filing of the complaint herein, the bill alleges that he was unaware of certain of the acts which he claims to be fraudulent until a few months before the filing of the bill of complaint. It is also to be observed that his conservator was not discharged until February 14, 1947, subsequent to the time that the attempted rectification order of February 6, 1947, was entered and on the same day that the final account was entered. Even though it were to be assumed that plaintiff was charged with earlier notice of the matters now complained of than that which he alleges in the bill of complaint, it is to be

250

considered that this is not the ordinary case of an adversary proceeding where the complainants were dealing at arm's length. The plaintiff, at the time the administrator purchased individually at his own sale, was insane. The attorneys who represented him prior to the insanity subsequently became attorneys for certain of the defendants and, according to the bill of complaint, collaborated with all the defendants in the transactions complained of. The conservatorship continued until within a few months of the filing of this action for relief. As was said in the similar case of *Gillett v. Wiley*, 126 Ill. 310, at page 326:

". . . In all such cases, 'the burden rests heavily upon the guardian to prove the circumstances of knowledge and free consent on the part of the ward, good faith and absence of influence which alone can overcome this presumption.' . . . To bind the ward it should appear that he acted after the termination of his disability, with deliberation, and with full knowledge of all material facts."

What is said in this connection is considered by us in finding without merit the defense of estoppel *in pais* based upon plaintiff's approval of the final account.

We are of the opinion that on all these issues, in the interest of justice, a full and complete hearing should be had in equity.

The order of the circuit court in appeal No. 44761, *In the Matter of the Estate of Josephine Scheribel, Deceased,* is reversed and the cause remanded with directions to the circuit court to overrule the motion to strike said petition, to compel an answer by the respondent to said petition, and for a hearing thereon in conformity with the views herein expressed.

The order of the circuit court in appeal No. 44762, *In the Matter of the Estate of Alfred M. Scheribel, Incompetent,* is reversed and the cause remanded with directions to the circuit court to overrule the motion

251

to strike said petition, to compel an answer by the respondent to said petition, and for a hearing thereon in conformity with the views herein expressed.

The order of the circuit court in appeal No. 44811, dismissing the complaint for want of equity, is reversed and the cause remanded with directions to overrule the motion to strike the complaint, to compel an answer thereto, and for further proceedings in conformity with the views herein expressed.

In view of the fact that all the issues and all the parties involved in the three appeals are before the trial court in the chancery proceeding, we are of the opinion that it would be advisable for the circuit court to consolidate the causes below in the equity case and proceed to a full and complete hearing in accordance with the views herein expressed and that final orders in the probate court await the final decree in the equitable cause.

*Reversed and remanded with directions.*

NIEMEYER and FEINBERG, JJ., concur.