HELEN F. DOWNING, Defendant in Error, *vs.* THE HARRIS TRUST AND SAVINGS BANK *et al.* Plaintiffs in Error.

*Opinion filed October 28, 1925.*

1. CONTRACTS—*contract must be rescinded in toto.* Rescinding a contract implies that what has been parted with shall be restored on both sides, and if a right to rescind exists it must be exercised *in toto.*

2. WILLS—*claim lies for breach of contract to make will—estoppel.* A claim against an estate will lie for breach of a contract to make a will, and the claimant is not estopped by the fact that she has accepted the benefit of another will than that contracted for and which does not carry out the contract in full, but the claimant is entitled to the difference between the amount actually received and that for which the contract provided, where there is no proof of rescission entitling the claimant to a return of the consideration.

3. SAME—*what is measure of damages for breach of contract to make will.* The measure of damages in an action for breach of a contract to give property by will is the value of the property promised to be bequeathed, or, where there has been a partial performance of the contract, the difference between the property promised and the property given.

WRIT OF ERROR to the First Division of the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN A. SWANSON, Judge, presiding.

CHAPMAN, CUTLER & PARKER, (JOHN E. TRACY, PERRY M. CHADWICK, WILLIAM H. RADEBAUGH, and JOHN P. BARNES, of counsel,) for plaintiffs in error.

HUGH O'NEILL, and JOSEPH P. MAHONEY, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Defendant in error, Helen F. Downing, filed a claim against the estate of her mother, Julia E. Downing, in the probate court of Cook county. From an order allowing the

claim an appeal was taken to the circuit court, where a trial was had before a jury. This trial resulted in a verdict in favor of claimant for $6400, and the judgment entered thereon was affirmed by the Appellate Court for the First District. The cause is here by *certiorari.*

The facts established by the record are the following: Thomas F. Downing, a son of Julia E. Downing, died December 5, 1910, leaving an estate amounting to $32,000. His only heirs were his mother and his sisters, Henrietta, Mabel and Helen. The mother desired to have the income from the estate of her son during her life, and asked her daughters to assign their interests in the estate to her in consideration of her giving to them all of the principal of the estate at her death. The daughters agreed to the arrangement, and at her request went to the office of the attorney for the Harris Trust and Savings Bank on December 19, 1910, where the necessary papers were to be executed. The attorney read to them a will which he had prepared, by which Julia E. Downing, after making provision for a monument, the care of her lot in a cemetery and the saying of masses for the repose of her soul and the souls of her deceased husband and two deceased sons, gave all the remainder of her estate to the Harris Trust and Savings Bank in trust, with directions (1) to divide the net income from the trust estate among her three daughters or the survivor or survivors of them; (2) upon the expiration of two years after her death to divide the trust estate into two equal parts and to distribute one of such parts equally among her daughters or the survivor or survivors of them; and (3) upon the expiration of five years after her death to distribute the balance of such trust estate equally among her daughters or the survivor or survivors of them. At the same time he presented to each of the daughters, for her signature, an instrument by which she assigned to her mother all her right, title and interest in and to the estate of Thomas F. Downing, and such assignments were duly

executed.   The will which was read to the daughters was
executed by Julia on February 10, 1911.   One of the daugh-
ters, Mabel, died September 24, 1913, leaving as her heirs
her mother and her two sisters.   October 13, 1913, Julia
made another will, revoking all former wills.   By this she
gave her daughters, Henrietta and Helen, or the survivor
of them, all her household goods and personal effects and
provided $500 to be expended for the saying of masses.   By
article 3 of the will she gave all the remainder of her es-
tate to the Harris Trust and Savings Bank in trust, with
directions to divide the trust estate into two equal parts and
to pay the net income from one of such parts to Henrietta
and from the other part to Helen, with a provision that if
either of the daughters died without issue the survivor was
to receive the entire net income.   The remainder she gave
to the issue of her daughters.   From time to time the trus-
tee has made distribution of the income in accordance with
the will, and defendant in error had at the time of the trial
in the circuit court received sums totaling $7824.40.

The claim filed is for a 14/45ths interest of the estate
of Thomas F. Downing, alleged to be about $12,500.   The
proof submitted and the instructions offered in the trial
court, and the argument made by defendant in error in this
court, indicate that the claim for which judgment is asked
is for the one-fifth interest of the estate of Downing trans-
ferred to Julia E. Downing by the assignment of Helen F.
Downing.   Defendant in error now takes the position that
the estate of Julia is indebted to her in the sum of $6400,
which the parties stipulate is the value of the property as-
signed by her, and the Appellate Court affirmed the judg-
ment of the trial court on this theory.   The circuit court
gave an instruction offered by defendant in error upon the
theory that the contract to make the will was rescinded
and that defendant in error was entitled to recover the
consideration.   Plaintiffs in error contend that whatever the
nature of the claim, defendant in error is estopped to urge

it because she has elected to receive the benefits under the last will.

As we view this record none of the theories adopted are sound. There has been no rescission of the contract by defendant in error because she has accepted the benefits of the will of her mother, which in part carried out the agreement. The very idea of rescinding a contract implies that what has been parted with shall be restored on both sides. If a right to rescind a contract exists it must be exercised *in toto.* (*Babcock* v. *Farwell,* 245 Ill. 14.) Defendant in error has neither alleged nor proven a rescission, and so this judgment cannot stand on the theory that the claim is for a return of the consideration. There is no claim by plaintiffs in error that the gift of the income to defendant in error was made in satisfaction of her claim against Julia E. Downing arising out of the agreement to make the will of February 10, 1911; and if there were such a contention it would not be sound, for the reason that the power given the executors to settle claims against the estate, and the difference in the nature of the gift to defendant in error and her claim against the estate, indicate a contrary intention. (*Fidelity Trust Co.* v. *Martin,* 158 Ky. 522, L. R. A. 1915-B, 1156.) There is no basis in this record for the application of the doctrine of election, because the testatrix has not by her will disposed of any property belonging to defendant in error. It is true that the acceptance by defendant in error of the benefits provided for her by the last will of the testatrix estops her from filing a bill for specific performance of the contract to make the other will, (*Burns* v. *First Nat. Bank,* 304 Ill. 292,) but defendant in error is not asking that the contract be specifically performed. The claim made by her is not inconsistent with the last will nor does it prevent a full operation of the will. There is no basis for an estoppel.

The claim filed in this case is clearly one for damages for breach of a contract to make a will. . That such a claim

lies is well established by the authorities. (1 Woerner's Law of Administration,—3d ed.—77.) Defendant in error does not question the validity of the last will of the testatrix. She accepts the provision made for her in such will as part performance of the contract and makes her claim for compensation for the breach in failing to carry out the contract in full. The measure of damages in an action for the breach of a contract to give property by will is the value of the property promised to be bequeathed, (*Roy* v. *Pos,* 183 Cal. 359, 191 Pac. 542; *Thompson* v. *Romack,* 174 Iowa, 155, 156 N. W. 310; *Benge* v. *Hiatt's Admr.* 82 Ky. 666, 56 Am. Rep. 912; Annotation, 31 A. L. R. 129;) or, where there has been a partial performance of the contract, the difference between the property promised and the property given. (*Noyes* v. *Noyes,* 224 Mass. 125, 112 N. E. 850; *Day* v. *Washburn,* 76 N. H. 203, 81 Atl. 474.) In this case the legacy promised (taking into consideration the fact that Mabel Downing died between the time the contract was made and the time Julia E. Downing died and that the other two daughters have survived the periods of distribution) was one-half of the trust estate,—half of the principal to be paid over two years after the death of the testatrix and the other half five years afterwards,—and the legacy given was the income from one-half of the estate for life and the possibility of the income from the other half. The measure of damages, therefore, is the difference between the present value of the property at the time of the death of Julia which defendant in error would have received under the will of February 10, 1911, and the present value of the property at the time of the death of Julia which defendant in error did receive under the will of October 13, 1913. The circuit court erred in giving the jury an instruction fixing a different measure of damages.

The judgments of the Appellate Court and the circuit court are reversed and the cause is remanded to the circuit court of Cook county for a new trial.

*Reversed and remanded.*