Ben Abrams and Glenn Abrams, Minors, by Sidney L. Pollack, Their Next Friend, Appellants, v. Beatrice Schlar and Maxine Schlar, a Minor, and Leo Schaffer, Appellees.

Gen. No. 48,031.

First District, First Division.

October 3, 1960.

Levisohn, Loring, Conlon, Arrigo, and Rosinia, of Chicago, for appellants.

Lederer, Livingston, Kahn, and Adsit, of Chicago (Leo H. Arnstein, John F. McClure, and Guy E. Rodrick, of counsel) for defendant-appellee, Beatrice Schlar.

MR. JUSTICE MURPHY delivered the opinion of the court.

Plaintiffs, children born out of wedlock, seek specific performance of a contract allegedly made by their deceased putative father, Max Schlar, to leave them a

share of his estate. They appeal from an order of the chancellor sustaining a motion to strike their three count amended complaint and dismissing their action.

Max Schlar, the putative father, died testate March 5, 1957. His estate was administered in the Probate Court of Cook County, and the final account of Beatrice Schlar (his widow), as administrator with the will annexed, was approved on December 11, 1958. Plaintiffs filed no claim in the Probate Court and commenced the instant chancery action in the Superior Court of Cook County on May 11, 1959.

The amended complaint, in substance, shows that the plaintiffs, Ben Abrams and Glenn Abrams, are minor children of Helen Abrams, and that Max Schlar was their "illegitimate father"; that in 1947, Helen Abrams agreed with Schlar to devote her entire time to the care of her son Ben Abrams, not to place him out for adoption, and further agreed that Schlar was to have "the direction of the education of plaintiff at all times during his minority." In return, Schlar agreed to pay her $200 monthly for "plaintiff's education, care and maintenance during his minority," and also would "provide an inheritance for plaintiff under his Last Will and Testament in an amount equal to that which he would provide for his adopted child, Maxine Schlar." In 1954, a similar agreement was made for Glenn Abrams. During his lifetime, Schlar made the monthly payments, as agreed, but made no testamentary provision for plaintiffs.

Plaintiffs pray that defendants be required to reopen the estate and return to the administrator with the will annexed a sum sufficient to carry out the agreement, and that plaintiffs' claim be allowed as a sixth class claim.

■ ■ As contended by defendants, plaintiffs had an adequate remedy at law in the nature of a claim against the estate of the decedent for breach of the

alleged contract, for the value of the property promised to be bequeathed. (In re Estate of Johnson, 389 Ill. 425, 429 (1945), 59 N.E.2d 825; Downing v. Harris Trust & Sav. Bank, 318 Ill. 323, 327 (1925), 149 N. E. 256; Krutckoff v. Krutckoff, 345 Ill. App. 299 (1951), 103 N.E.2d 188.) This claim should have been filed in the Probate Court within nine months from the issuance of letters of administration with the will annexed, in order to participate in the estate inventoried within the nine months from the issuance of letters. (Ill. Rev. Stat. 1959, Ch. 3, Sec. 356.) The approval by the Probate Court of the Schlar final account was a final judgment order and, as no appeal was taken by anyone, it is entitled to protection against collateral attack by plaintiffs in the instant action. Balsewicz v. Chicago, B. & Q. R. Co., 240 Ill. 238, 246 (1909), 88 N. E. 734; Kerner v. Peterson, 368 Ill. 59, 78 (1938), 12 N.E.2d 884; In re Estate of Trapani, 21 Ill.App.2d 19, 35 (1959), 157 N.E.2d 83; People ex rel. Kagy v. Seidel, 22 Ill.App.2d 316, 319 (1959), 160 N.E.2d 681.

It is alleged that no claim was filed in the Probate Court against the estate of Schlar, because of representations made to Helen Abrams shortly after Schlar's death, by the administrator with the will annexed and "an attorney representing the defendants," that if she did not present any claim on behalf of plaintiffs, plaintiffs would be provided for as promised by Schlar. Helen Abrams was paid $200 per month during the administration of the estate, and after it was closed she was offered $7,000 "in full settlement of any claims she might have on behalf of anyone against said estate, or against the defendants." After some negotiations, this offer was entirely withdrawn.

■ Neither the administrator with the will annexed nor her attorney could waive the filing or presentation of plaintiffs' claim. The failure to file plain-

tiffs' claim within the statutory period bars it from participating in the inventoried assets of the estate. Alderson v. Alderson's Estate, 226 Ill. App. 176, 178 (1922); Wingate v. Pool, 25 Ill. 118, 122 (1860).

Plaintiffs allege that there are assets of the decedent in the possession of defendant Leo Schaffer, which were not inventoried by Schaffer as a surviving partner, or accounted for by the administrator with the will annexed, and pray that he be required to file in the instant suit an inventory of partnership assets belonging to the copartnership of Schlar and Schaffer.

Without deciding whether plaintiffs have a meritorious claim as a basis for pursuing uninventoried assets of the estate of Max Schlar, we believe their claim for relief should be asserted in the Probate Court. The reopening of the Schlar estate for any purpose is a matter for Probate Court determination. Ill. Rev. Stat. 1959, Ch. 3, Secs. 155, 159, 247, 356; Ch. 110, Sec. 72.

■ A discussion of plaintiffs' theory and contentions as to the merits and enforceability of the alleged contract is unnecessary in this appeal. Where the decision of the lower court is correct, the reasons acted upon by it are immaterial. Murphy v. Lindahl, 24 Ill.App.2d 461, 468 (1960), 165 N.E.2d 340.

For the reasons stated, the order of the chancellor is affirmed.

Affirmed.

KILEY, P. J. and BURMAN, J., concur.