MARY LEE ROZYCKI, Plaintiff-Appellant, v. VIRGINIA GITCHOFF, Defendant-Appellee.

Fifth District   No. 5—87—0567

Opinion filed March 9, 1989.

Don E. Weber, of Collinsville, for appellant.

David L. Antognoli, of Bernard & Davidson, of Granite City, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Mary Lee Rozycki, appeals from the judgment of the circuit court of Madison County dismissing her complaint to recover assets from an allegedly fraudulent conveyance between defendant, Virginia Gitchoff, and plaintiff's deceased ex-husband, Walter Rozycki (Walter). The trial court entered summary judgment for defendant, and for the reasons stated herein, we affirm.

In a three-count complaint, plaintiff alleged that Walter, in his personal capacity and as president of Walter Rozycki Realty Company, Inc. (company), transferred his and the company's interest in judgments in his favor and against James Green and Green Construction Company to defendant. The complaint further alleged that Walter and the company were insolvent at the time of, or were made insolvent by, the transfer, that plaintiff was a creditor of both Walter and the company, that an intimate personal relationship existed between Walter and defendant, and that the transaction was a preferential transfer to one creditor, defendant, to avoid paying another creditor, plaintiff. Fraud, inadequate or no consideration, and ineffective transfer of the company's interest were also alleged.

In 1975, plaintiff began divorce proceedings against Walter and obtained an injunction enjoining transfer of jointly owned property. The parties' marriage was dissolved in September 1981 by a final order which designated assets and liabilities of the company and the corporation stock as marital property. This order distributed those assets, liabilities and stock as well as judgments in favor of Walter or the company equally between Walter and plaintiff and noted that the court could not adjudicate claims of creditors such as defendant. From June 1978, to May 1980, defendant loaned Walter a total of $39,759.56 and received six promissory notes, all of which were in default by May 1980. On May 14, 1980, defendant took a mortgage from Walter on various parcels of real estate as consideration for her forbearing to file suit on the notes. By the spring of 1981, the notes were still in default, and defendant had discovered that her 1980 mortgage was junior to a 1978 mortgage from Walter to plaintiff. While preparing to commence foreclosure proceedings, defendant took an assignment from Walter and his company of all interest in judgments in their favor and against James Green and Green Construction Company as partial payment, and no foreclosure was instituted. The

date of assignment was May 20, 1981.

On November 1, 1981, Walter died. Defendant and Walter's brother were named co-executors of Walter's estate, but in time the public administrator was appointed. Plaintiff was a creditor of Walter's estate.

Walter's administrator filed a petition against defendant alleging Walter's transfer of his interest in the Green judgments was a preferential transfer. That action was settled by defendant's payment of $9,000 to the estate. In October 1984, the probate court approved the settlement, but within 30 days, plaintiff moved to vacate the order. Her motion was denied, and plaintiff took no further action. Subsequently, plaintiff was appointed successor administrator and closed the estate. A few days after the estate was closed, plaintiff filed the instant action.

Defendant raised the October 1984 probate order approving settlement of the estate's claim as a bar to plaintiff's claim. The trial court characterized the instant suit as "a collateral attack upon the administration of the Estate and upon the now Final Order entered in the Estate settling these claims" and granted defendant's motion for summary judgment. Plaintiff appealed to this court.

The dispositive issue in this appeal is whether plaintiff's failure to pursue her claim in the probate case bars plaintiff's cause. Plaintiff suggests it does not, arguing that her claim is independent of the estate's claim against defendant and, further, that plaintiff is not bound by the probate order. Defendant urges the probate order as *res judicata*, arguing that a probate court order is a final judgment for purposes of *res judicata*, that the subject matter of the probate action and this action were the same, and that a court-approved settlement operates as *res judicata* the same as a trial on the merits.

■ The estate of Walter Rozycki, plaintiff's ex-husband, was administered pursuant to the Probate Act of 1975 (Ill. Rev. Stat. 1987, ch. 110½, par. 1—1 *et seq.*). One purpose of that Act is to insure that "controversies and the rights of the parties may be speedily and finally determined." (Ill. Rev. Stat. 1987, ch. 110½, par. 1—9.) Consistent with this purpose, the Act requires that any claim that might be filed within the contemplation of the Act, whether based on contract, tort, or otherwise (see Ill. Rev. Stat. 1987, ch. 110½, par. 18—1), must be filed within the limitations period which the Act provides (see Ill. Rev. Stat. 1987, ch. 110½, par. 18—12). If such a claim is not filed, it will be barred (*Bricker v. Borah* (1984), 127 Ill. App. 3d 722, 725, 469 N.E.2d 241, 243) and cannot be pursued in a separate proceeding after the estate is closed (see *Abrams v. Schlar* (1960), 27 Ill.

App. 2d 237, 240-41, 169 N.E.2d 583).

■■ In this case, plaintiff's complaint makes clear that she seeks recovery for fraudulent conveyance based on her status as a creditor of her deceased ex-husband. Both the administrator's action and this case were attempts to set aside and recover the proceeds of a conveyance alleged to be in fraud of other creditors of decedent. Concerning the administrator's action, however, plaintiff argues that the administrator stands in the place of and derives his rights from the decedent who, as a participant in a fraudulent transaction, was bound by the terms of that transaction. While there is authority for plaintiff's position (*Hoyt v. Northup* (1912), 256 Ill. 604, 606, 100 N.E. 164, 165; *White v. Russell* (1875), 79 Ill. 155, 158), a creditor of the estate is not similarly bound and may pursue a fraud action separate and apart from the administrator. Because she was a creditor, she was an "interested person" entitled to file her own petition for discovery and recovery of assets against defendant while administration of the estate was still underway. (Ill. Rev. Stat. 1987, ch. 110½, par. 16–1; *Keshner v. Keshner* (1941), 376 Ill. 354, 361-62, 33 N.E.2d 877; *In re Estate of Arnold* (1986), 142 Ill. App. 3d 258, 264, 491 N.E.2d 458, 463.) In *Sifford v. Crawford* (1910), 244 Ill. 234, 91 N.E. 428, a conveyance in fraud of creditors was binding on the parties to the fraud, including derivatively the administrator of decedent's estate, but the estate's creditors were not similarly precluded from attacking the transaction.

. When, however, that creditor fails to exercise her rights in the original action, she can be barred from proceeding in a subsequent independent action. In *Merrill v. Merrill* (1914), 187 Ill. App. 589, decedent's administrator brought a citation to recover assets, in which action the county court ruled for defendant. The administrator appealed to the circuit court but later dismissed the appeal. The court held the county court's final judgment was a bar to the administrator's subsequent suit in equity to recover the same assets. Similarly, the court in *In re Estate of Trapani* (1959), 21 Ill. App. 2d 19, 157 N.E.2d 83, held that a party who voluntarily submitted herself to the jurisdiction of the probate court in a prior action was estopped from later questioning that jurisdiction. Plaintiff in this action was voluntarily under the jurisdiction of the probate court and that court had the power to litigate and resolve the issues presented in this action. Ill. Rev. Stat. 1983, ch. 110½, par. 16–1.

■■ Although plaintiff apparently moved to set aside the circuit court's order approving the settlement between the executor and defendant, she did nothing more to pursue her claim during the

course of the probate proceedings once her motion had been denied. Under the authorities cited above, plaintiff cannot pursue her claim further now that the estate has been closed. Her cause of action for fraudulent conveyance is barred and was properly dismissed.

The circuit court was therefore correct in granting summary judgment in favor of defendant, as the moving party was entitled to judgment as a matter of law. Ill. Rev. Stat. 1983, ch. 110, par. 2—1005.

Since the dispositive issue in this appeal has been resolved under the provisions of the Probate Act, this court need not reach defendant's argument of *res judicata*. The judgment of the circuit court of Madison County is affirmed.

Affirmed.

HARRISON and HOWERTON, JJ., concur.